UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNIE MCCOLLUM,

Petitioner,

v.

WARDEN GREGORY BRIGGS, *et al.*,

Respondents.

CIVIL ACTION NO. 1:24-cv-01305

(SAPORITO, J.)

## MEMORANDUM

Johnnie McCollum, incarcerated at SCI-Houtzdale in Houtzdale, Pennsylvania, proceeds on a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Because this petition was filed long after the expiration of the one-year limitation period, *see* 28 U.S.C. § 2244(d)(1)(A), and McCollum is not entitled to equitable tolling, the petition will be dismissed.

## I.   STATEMENT OF THE CASE

On December 3, 2014, in the Court of Common Pleas of Cumberland County, a jury found McCollum guilty of three counts of robbery, one count of theft by unlawful taking, and four related conspiracy counts, all arising from a home invasion in Camp Hill, Pennsylvania. *See*

*Commonwealth v. McCollum*, No. CP-21-CR-1292-2014 (Cumberland County C.C.P.). McCollum received an aggregate sentence of five to fifteen years imprisonment. As described by the trial court and recited by the Pennsylvania Superior Court on direct appeal, the facts of the case were as follows:

> On March 29, 2014, the victim, Ko Fan Chang, a 44–year–old male, procured the services of two young women who were working as prostitutes . . . The women, Brittany Shupp and Rangina Barechzai, had met [McCollum and his co-defendant, Deontre Goss] a few weeks before and they eventually discussed a plan to rob one of the [women's] clients. [Shupp] testified that on March 29 after arriving at Mr. Chang's home, [Barechzai] texted the victim's address to Defendants while she distracted the victim in the bedroom. The Defendants came to the victim's home while the women were still there. After they entered the home, Mr. Goss held a gun to the victim's head. The victim was placed on the floor and [Shupp] tied him up with an electrical cord. [Shupp] testified that she saw [McCollum] getting stuff from the house. Overall, the Defendants stole two laptop computers, an attaché case containing approximately $500.00 in cash, and credit cards and a digital camera . . .
>
> The two women were eventually identified through their use of a webpage entitled "Backpage.com." They were listed on this website as providing adult entertainment services. When arrested, the two agreed to cooperate with police and the District Attorney. They testified at trial that [McCollum and Goss] were the men who committed the robbery.

*Commonwealth v. McCollum*, No. 198 MDA 2015, 2014 WL 11256900, at *1 (Pa. Super. Ct. Apr. 13, 2016) (record citation omitted); (Doc. 21-8).

### A. Procedural History

McCollum appealed his conviction on January 29, 2015, raising eleven issues: challenges to the sufficiency of the evidence for each of the eight convictions, a claim that the trial court erred in denying a motion to transcribe proceedings, and two claims that he was prejudiced by the Commonwealth's failure to disclose statements by Shupp before trial. On April 13, 2016, the Pennsylvania Superior Court reversed his convictions on two counts for insufficient evidence[1], but affirmed all other convictions. *See Commonwealth v. McCollum*, No. 198 MDA 2015, 2014 WL 11256900 (Pa. Super. Ct. Apr. 13, 2016). McCollum did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

McCollum has subsequently filed several Post Conviction Relief Act ("PCRA") petitions. He filed his first PCRA petition *pro se* on March 29,

---

[1] Specifically, the Superior Court reversed McCollum's conviction for physically taking or removing property from the person of another (18 Pa.C.S. § 3701(a)(1)(v)) and a related conspiracy conviction, because there was insufficient evidence that items taken from the victim's home were on the victim's person or in his custody or control. *See McCollum*, 2014 WL 11256900 at *4.

2017. After McCollum was appointed counsel, he ultimately proceeded on four claims of ineffective assistance of trial counsel. This petition was denied on September 25, 2017, and was not timely appealed. *See* (Docs. 21-16, 21-18). The record does not indicate that McCollum took any further action in this case until 2021; in the intervening years, he was released on parole. In an apparently unrelated case, he was charged on August 4, 2020, with aggravated assault and related charges in the Court of Common Pleas of Dauphin County, for conduct occurring on July 16, 2020. *See Commonwealth v. McCollum*, No. CP-22-CR-0002542-2020 (Dauphin County C.C.P.).

On October 29, 2021, McCollum filed a second PCRA petition from the Dauphin County Prison, in which he claimed that he "never received an order from the courts stating whether [the 2017 petition] was denied or granted." (Doc. 21-19). After a hearing, the court "found that prior PCRA counsel had abandoned [McCollum] when she failed to file a notice of appeal from the denial of his PCRA claims." (Doc. 21-25 at 3). The court permitted McCollum to appeal the PCRA denial *nunc pro tunc* and granted his request to proceed *pro se. See* (Docs. 21-21, 21-23, 21-26). Ultimately, this appeal was dismissed on September 21, 2023, for

- 4 -

McCollum's failure to file a brief. *Commonwealth v. McCollum*, No. 1158 MDA 2022 (Pa. Super. Ct.) (Doc. 21-27). McCollum then filed a third PCRA petition, which resulted in another restoration of his PCRA appellate rights on the basis that he had been "denied his case file" by an attorney who had previously represented him. *See* (Doc. 21-29). On June 4, 2024, this appeal was also dismissed for McCollum's failure to file a brief. *Commonwealth v. McCollum*, No. 406 MDA 2024 (Pa. Super. Ct.); (Doc. 21-31).

McCollum filed his petition for writ of *habeas corpus* in this court on August 5, 2024. He has also filed another PCRA petition in his state criminal case on August 12, 2025, and the PCRA court has issued a notice of intent to dismiss the petition.

### B. Habeas Claims Presented

In the instant petition, McCollum asserts four grounds for relief:

- (1) "Failure to strike bias[ed] jurors – Ineffective assistance of counsel";

- (2) "No PSI was ever done – nor requested by the Court prior to sentencing – failed to place adequate reasons on the record for dispensing with report";

- (3) "Ineffective assistance of counsel – failed to uncover and investigate and present mitigating evidence at sentencing";

- (4) "Sentences should have been merged under [42 Pa.C.S. § 9765]."

## II.    DISCUSSION

As an initial matter, it is unclear whether McCollum is currently in custody pursuant to the challenged sentence, or under his unrelated sentence in the Dauphin County case. In the latter case, McCollum pled guilty on October 25, 2022, was sentenced to five to ten years' incarceration, and is currently seeking PCRA relief. *See Commonwealth v. McCollum*, No. CP-22-CR-0002542-2020 (Dauphin County C.C.P.).

To sustain habeas jurisdiction, a petitioner's ongoing incarceration or other "restraint on physical liberty" must be a "direct consequence of [the] conviction" being challenged. *Piasecki v. Ct. of Common Pleas, Bucks Cnty., Pa.*, 917 F.3d 161, 165-66 (3d Cir. 2019) (quoting *Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015)). A petitioner generally cannot challenge a past conviction once he has completed that sentence, even if he remains imprisoned on a different conviction. *See Orie v. Sec'y Pennsylvania Dep't of Corr.*, 940 F.3d 845, 850 (3d Cir. 2019). Because it is unclear from the record whether McCollum has completed the sentence he is challenging here, the Court resolves the petition on the alternative ground that it is untimely.

## A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). Under the AEDPA, a state prisoner generally must file any federal habeas petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[2] Here, the Superior Court adjudicated McCollum's direct appeal on April 13, 2016. Because he did not file a petition for allocatur in the Pennsylvania Supreme Court, his conviction became final 30 days later, on May 13, 2016. *See* Pa. R. App. P. 1113(a)(1) (permitting 30 days after entry of a Superior Court order to file a petition for allocatur). Thus, absent any applicable tolling, McCollum had until May 13, 2017, to timely file his federal petition for writ of *habeas corpus*.

---

[2] Although the statute provides additional time "if the applicant was prevented from filing" a habeas petition through unlawful "State action," *see* § 2244(d)(1)(B), any alleged failures by appointed PCRA counsel in this case would not qualify. *See, e.g., Ruiz v. Overmyer*, No. 1:17-CV-01979, 2018 WL 2302699, at *3-4 (M.D. Pa. May 21, 2018) ("the actions or inactions of PCRA counsel do not constitute a state-created impediment to filing of a habeas petition").

Although the statute provides for tolling of the limitation period while "a properly filed application for State post-conviction or other collateral review . . . is pending," § 2244(d)(2), this statutory tolling does not make McCollum's petition timely. After McCollum's conviction became final on May 13, 2016, 320 days passed before he filed his first PCRA petition on March 29, 2017. The limitation period was tolled while that petition was pending. However, after the petition was denied on September 25, 2017, approximately four years passed before he filed a second PCRA petition seeking leave to appeal that decision.

### B. Equitable Tolling

McCollum is not entitled to equitable tolling of the statute of limitations. A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is entitled to equitable tolling, *Pace*, 544 U.S. at 418, and must show that he "exercised reasonable diligence" in

- 8 -

attempting to bring the claims despite the extraordinary circumstances. *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (citation omitted).

McCollum does not directly address why his petition was untimely filed, although the record reveals a partial explanation for some of the delay. On April 18, 2016, five days after his direct appeal was resolved, his appellate counsel advised him that he could file a petition for allowance of appeal to the Pennsylvania Supreme Court. McCollum did not respond, but allegedly "assumed [his] attorney filed [that] petition due to him being [McCollum's] legal representation." In September 2016, McCollum wrote a letter to the Superior Court styled as a "formal complaint" against counsel, for counsel's alleged failure to apprise McCollum of the status of his case. On September 15, 2016, counsel responded directly to McCollum, stating that McCollum had never advised him that he wanted to file a petition for allowance of appeal, and explaining options for how McCollum could proceed. *See* (Doc. 21-14 at 14-17). McCollum ultimately filed a timely PCRA petition on March 25, 2017.

Even if this miscommunication with direct appeal counsel could justify equitable tolling from April 18 through September 15, 2016,

McCollum provides little explanation for the delay from September 2017, when his first PCRA petition was denied, through October 2021, when he filed his next PCRA petition. In an amended petition filed on his behalf in 2022, newly appointed counsel alleged that McCollum's prior counsel "failed to inform [McCollum] that his initial PCRA was denied and/or of his right to appeal the denial of the PCRA" in 2017. *See* (Doc. 21-20). While the PCRA court found that this "abandonment"[3] justified the restoration of McCollum's PCRA appeal rights (Doc. 21-25 at 3), it does not justify equitable tolling for the intervening years during which he made no apparent attempt to pursue habeas relief.[4] *See Schlueter*, 384 F.3d at 76-78; *Ruiz v. Overmyer*, No. 1:17-CV-01979, 2018 WL 2302699, at *3-4 (M.D. Pa. May 21, 2018); *Wright v. Kerestes*, No. 13-6204, 2014

---

[3] Even if PCRA counsel's conduct were considered "complete abandonment" as opposed to "error, miscalculation . . . or other mistake," that is not sufficient for equitable tolling purposes; the petitioner must still show that he diligently pursued his rights. *See Pelzer v. Mahally*, 388 F. Supp. 3d 366, 377 (M.D. Pa. 2019) (citations omitted).

[4] Notwithstanding any confusion about the status of his state court proceedings, McCollum could have protectively filed his habeas petition in federal court to preserve his AEDPA limitations period and requested that the Court stay the habeas proceedings. *See Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009).

WL 6454572, at *16 (E.D. Pa. Nov. 17, 2014) ("Failing to determine the status of an appeal for four years does not constitute reasonable diligence."); *DeShields v. Kerestes*, No. 3:13-CV-1965, 2014 WL 2737413, at *3-5 (M.D. Pa. June 13, 2014).

McCollum also makes vague allegations that one of his appellate filings was not received because "the prison [he] was at must have tampered" with his outgoing mail, *see* (Doc. 1 at 5, 9), and some of his documents were "unlawfully destroyed in a flood" (Doc. 25 at 1). But he has not alleged that these events prevented him from filing a habeas petition, and even if they were considered "extraordinary circumstances," these isolated incidents could not sustain a finding of reasonable diligence over a four-year period. *See Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) ("[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began . . . the extraordinary circumstances [ ] did not prevent timely filing.").

Although the Supreme Court has recognized an exception to the limitations period for a claim of actual innocence supported by new, reliable evidence, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013),

McCollum does not allege actual innocence or present any new evidence to that effect. *See Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) ("The actual innocence standard is satisfied only in "the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."") (quoting *McQuiggin*, 569 U.S. at 392).

## III.    CONCLUSION

Accordingly, the Court will dismiss McCollum's petition. Because jurists of reason would not debate the dismissal of this petition on procedural grounds, no certificate of appealability will issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). An appropriate order follows.

Dated: March 6, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge